### NEW THOUGHT CHURCH v. CHAPIN.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

1. CORPORATIONS (§ 49*)—TEMPORARY INJUNCTION—GROUNDS.

    A plaintiff, claiming to be an incorporated religious body under the name of "New Thought Church," and seeking to enjoin defendant from conducting services under the name of "New Thought Services," is not entitled to a temporary injunction where no damage is shown to result

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to plaintiff from the acts complained of or any actual confusion has been produced by the similarity of names.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 137; Dec. Dig. § 49.*]

2. CORPORATIONS (§ 49*)—EXCLUSIVE RIGHT TO NAMES.

A religious corporation which adopts the name of "New Thought Church" does not acquire any exclusive right to the name or words, which are generic in character and of common use.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 137; Dec. Dig. § 49.*]

3. RELIGIOUS SOCIETIES (§ 4*)—CORPORATIONS—EXCLUSIVE RIGHT TO NAMES.

A religious corporation, teaching a form of religion based on what it terms "new thought" and teaching it through organizations known as churches, cannot acquire a monopoly of teaching that form of religion by means of churches, and it may not enjoin one from conducting services under a similar name.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 3, 5–14; Dec. Dig. § 4.*]

Appeal from Special Term, New York County.

Action by the New Thought Church against Mary E. Chapin. From an order denying motion for an injunction pendente lite, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Edgar H. Woodward, for appellant.

George F. Parker, of Boston, Mass., for respondent.

SCOTT, J. [1] The plaintiff appellant, which claims to be a duly incorporated religious corporation under the name of the "New Thought Church," seeks to enjoin the defendant from conducting services under the name of "New Thought Services." This is clearly not a case for a temporary injunction. In the first place no damage is shown to result to plaintiff from the acts complained of, nor is it shown that any actual confusion has been produced by the similarity of names. [2] In the second place, without determining whether or not the plaintiff has ever been legally incorporated, we are of opinion that the name it has chosen is not one to which it can claim the exclusive right. It is conceded that it cannot successfully claim a monopoly of the words "new thought," or of the word "church," but it claims the right to monopolize the combination of these words. This claim seems to us to be untenable. The words are all generic in character and of common use and are neither peculiar, distinctive, nor descriptive.

[3] The plaintiff claims that it teaches a form of religion based upon what it terms "New Thought." If it believes, as we must assume that it does, that this is a true religion and of benefit to those who receive its teachings, it surely cannot complain that others teach the same form of religion. It would not be contended for a moment that any body of people, whether incorporated or not, could sustain a claim to the monopoly of the use of the name "Christian Church" or "Jewish Church" against persons who taught religion after the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Christian or Jewish creeds. The plaintiff apparently has founded a new system of religion based on a new creed. The name it has chosen indicates: First, the system of religion which it teaches; and, second, that it teaches that system through the medium of organizations known as churches. It surely is not in a position to successfully claim a monopoly of teaching this form of religious faith by means of organizations known by the generic names of churches.

The order appealed from must be affirmed, with costs. All concur.